UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-80611-CIV-MARRA

BEYOND BEAUTY DISTRIBUTORS, INC.
a New Jersey Corporation,

   Plaintiff,

v.

BEST BEAUTY BRANDS, LLC,
a Florida limited liability company,

   Defendant.
_____/

**OPINION AND ORDER**

   THIS CAUSE is before the Court upon Plaintiff/Judgment Creditor's Motion to Strike

Affirmative Defenses in the Impleaded Defendants' Response to Complaint for Proceedings

Supplementary in Aid of Execution [DE 53], and Defendants' Motion to Set Aside

Plaintiff/Judgment Creditor's Motion to Strike Affirmative Defenses in the Impleaded

Defendants' Response to Complaint for Proceedings Supplementary in Aid of Execution [DE

56][1].  The Court has reviewed all papers filed in connection with these motions and is otherwise

duly advised in the premises.

   On April 6, 2012, this Court entered a Final Judgment in favor of Plaintiff/Judgment

Creditor and against Best Beauty Brands, LLC ("Best Beauty") in the amount of $119,513.05

---

[1]This motion, filed by the Agudelo Defendants *pro se*, is really a response to the Motion
to Strike filed by Plaintiff/Judgment Creditor, and is treated as such by the Court.

[DE 23].  On May 16, 2013, this Court entered an Order permitting the commencement of proceedings supplementary pursuant to Fla. Stat. Section 56.29 and Fed. R. Civ. P. 69(a)(1) to enable Plaintiff/Judgment Creditor to implead Juan J. Agudelo, Maria P. Agudelo (hereinafter, the "Agudelo Impleader Defendants") and United Spirit of America, Inc. ("United Spirit") as defendants in furtherance of its attempts to execute and satisfy the Final Judgment [DE 44].

In its Complaint for Proceedings Supplementary in Aid of Execution, Plaintiff/Judgment Creditor alleged that there had been fraudulent transfers made by Best Beauty to the Agudelo Impleader Defendants and United Spirit. [DE 45 at 3-5].  An Answer was filed *pro se* by Juan J. Agudelo and Maria P. Agudelo on behalf of Best Beauty Brands, LLC, Juan J. Agudelo, Maria P. Agudelo and United Spirit of America, Inc., f/k/a United Spirit of America, LLC [DE 51].

In the Motion to Strike Affirmative Defenses, Plaintiff/Judgment Creditor objects to the Agudelo Impleader Defendants having appeared on behalf of Best Beauty, both because Best Beauty is represented by counsel, and because Best Beauty is not a party to these supplementary proceedings [DE 53 at 3-4].  The Agudelo Impleader Defendants, in their responding papers, explain that they responded to the complaint in this fashion because Best Beauty's name was in the Complaint.  They state that their Answer should be treated as though it was filed by them solely on their own behalf [DE 56 at 3, ¶5].  The Court will, therefore, strike the Answer to the extent that it was filed on behalf of Best Beauty.

Plaintiff/Judgment Creditor also objects to the Agudelo Impleader Defendants having filed the Answer on behalf of United Spirit [DE 53 at 2, ¶3].  This objection was also contained within Plaintiff/Judgment Creditor's separate motion seeking an order requiring United Spirit to appear by counsel [DE 52].  The Court entered an Order to that effect on September 3, 2013 [DE

2

70]; therefore, it need not be addressed here.

The crux of Plaintiff/Judgment Creditor's motion is its objection to the affirmative defenses asserted by the Agudelo Impleader Defendants.  Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, . . . or if it is clearly invalid as a matter of law."  Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)(Citations omitted).  Generally, motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Carlson Corp./ Southeast v. School Bd. of Seminole County, 778 F. Supp. 518, 519 (M.D. Fla. 1991).

Plaintiff/Judgment Creditor argues that the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, twelfth and twentieth affirmative defenses all pertain to matters that were resolved by the Final Judgment and are, therefore, legally invalid.  It appears that the Agudelo Impleader Defendants do not understand that they cannot litigate these issues at this time.  In their responding papers, they state that the "judgment came about due to Defendant's lack of full and fair opportunity to litigate due to total consumption of the working capital of Best Beauty which couldn't afford the extensive legal fees generated by the lawsuit, and not because Defendants didn't have a sound and appropriated [sic] defense." [DE 56 at 1,¶1].  They state that they "want to have the chance to a fair defense and present our case in full." [*Id*. at 2, ¶1].  They incorrectly state that the Final Judgment was entered "without prejudice" [*Id*. at 3, ¶5], and state that they want to exercise their "right to a fair opportunity to litigate this case bringing direct and relevant

evidence in the case between the Plaintiff and Best Beauty that affects directly this case." [*Id.*].

Before the Final Judgment was entered herein, Beyond Beauty Distributors, Inc. ("Beyond Beauty") and Best Beauty had entered into a Settlement Agreement and Mutual General Release on December 12, 2011 [DE 20-1].  The Settlement Agreement provided that in the event of a default by Best Beauty for failure to make a settlement payment, Beyond Beauty could file an Affidavit of Non-Payment which would entitle it to obtain a Final Judgment.  In this circumstance, Best Beauty would "waive any and all defenses to the entry of a Final Judgment in favor of BEYOND BEAUTY, other than receipt of actual payment by BEYOND BEAUTY." [*Id.* at 3].  Best Beauty defaulted, and this Court entered the Final Judgment [DE 23].  Since Best Beauty waived its defenses, these defenses cannot now be asserted by Impleader Defendants.

Having reviewed all of the affirmative defenses, it is clear that the first, second, third, fourth, fifth, seventh, eighth, ninth, and tenth affirmative defenses relate to the underlying action between Best Beauty and Beyond Beauty that has already been reduced to a Final Judgment.  They are, therefore, immaterial to the issues raised by the instant Complaint.  As such, they should be stricken.

Plaintiff/Judgment Creditor seeks to have the sixth affirmative defense stricken as relating to the underlying action.  While the Court agrees that the defense is legally insufficient in this case, it is for a different reason than that asserted by Plaintiff/Judgment Creditor. The sixth affirmative defense states that "Plaintiff's claims are barred because [sic] by the doctrine of Collateral Estoppel.   Plaintiff already got a judgment against Best Beauty Brands Limited Liability Corporation, that decision precludes the re-litigation of the issue on a different cause of action involving the same Defendants (J. Agudelo and M. Agudelo) in the first case." [DE 51 at

4].  Collateral estoppel precludes relitigation of issues actually litigated in a prior proceeding. *Lozman v. City of Riviera Beach, Fla.,* 713 F.3d 1066, 1079 (11th Cir. 2013).  The issues alleged by Plaintiff/Judgment Creditor against J. Agudelo and M. Agudelo in this supplementary proceeding are separate and distinct from the issues litigated in the underlying action between Beyond Beauty and Best Beauty.  Thus, the issues in the present proceeding were not actually litigated in the underlying action and therefore the sixth affirmative defense is insufficient as a matter of law.  As such, it shall be stricken.

Plaintiff/Judgment Creditor concedes that the eleventh, thirteenth through nineteenth and twenty-first affirmative defenses appear to address the fraudulent transfers at issue; however, it argues that they should be stricken pursuant to Rule 12(f) because they contain conclusory assertions without providing any underlying facts [DE 53 at 4, ¶9].  Plaintiff/Judgment Creditor seeks an order directing the Impleader Defendants to amend their answer to provide more detail in the affirmative defenses that directly relate to the fraudulent transfer claims [*Id*. at 2, ¶3].  The Agudelo Impleader Defendants, in their response, agree to provide more information in an amended answer [DE 56 at 2, ¶2].  The Court shall, therefore, order the Agudelo Impleader Defendants to file an amended answer setting forth more detail relative to the eleventh, thirteenth through nineteenth and twenty-first affirmative defenses in their current answer.

Regarding the twelfth and twentieth affirmative defenses, Plaintiff/Judgment Creditor includes these in the list of those defenses that relate to the business dealings between Best Beauty and Beyond Beauty [DE 53 at 4, ¶8].  The Court disagrees.  These defenses appear to address the fraudulent transfer claims, and, as such, should be treated the same as the other defenses directed thereto.  When the Agudelo Impleader Defendants file their amended answer, they should also

provide more detail relative to the twelfth and twentieth affirmative defenses.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1.     Plaintiff/Judgment Creditor's Motion to Strike Affirmative Defenses in the Impleaded Defendants' Response to Complaint for Proceedings Supplementary in Aid of Execution **[DE 53]** is **GRANTED IN PART AND DENIED IN PART**. To the extent that the Agudelo Impleader Defendants' Answer was filed on behalf of Best Beauty, it is stricken.  The first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth affirmative defenses in the Agudelo Impleader Defendants' Answer **[DE 51]** are stricken.  The Agudelo Impleader Defendants are ordered to amend their answer within 14 days of the date this Order is entered by the Clerk of the Court to provide more detail in the affirmative defenses that directly relate to the fraudulent transfer claims, which are the eleventh through twenty-first affirmative defenses in their current Answer **[DE 51]**.

2.     Defendants' Motion to Set Aside Plaintiff/Judgment Creditor's Motion to Strike Affirmative Defenses in the Impleaded Defendants' Response to Complaint for Proceedings Supplementary in Aid of Execution **[DE 56]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of September, 2013.

_____
KENNETH A. MARRA
United States District Judge